IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TAMARA TURNER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NURSE CONRAD, *et al.*, )<br>)<br>Defendants. ) | CIVIL ACTION NO. 25-0213-JB-MU |

**REPORT AND RECOMMENDATION**

Plaintiff Tamara Turner, a recently released federal inmate, proceeding without counsel (or *pro se*), filed a complaint in this Court under 42 U.S.C. § 1983 against Defendants FCI Aliceville, Nurse Conrad, LPN Blankenshoop, and Mr. Potter. (Doc. 1). Turner lists the individual defendants' addresses as the prison in Aliceville, Alabama. (*Id.*; PageID. 2). In her complaint, she challenges the healthcare she received while incarcerated at FCI Aliceville, specifically claiming that she was denied an ordered x-ray of her hip and denied medicine, as prescribed by an outside doctor, she had been taking for two years. (*Id.*; PageID. 4; *see also* Doc. 1-1). She further claims that due to the denial of medical care, she is now unable to walk. (*Id.*). For the reasons explained below, the undersigned Magistrate Judge recommends that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. §§ 1391, 1404, and 1406.

**I. DISCUSSION**

A civil action "may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a

judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C.A. § 1391(b). In her complaint, Turner describes actions that all occurred at FCI Aliceville, which is in Pickens County, Alabama. (Doc. 1). Based on the addresses provided by Turner in her complaint, all named defendants also reside in Pickens County, Alabama. (*Id*.). Indeed, Turner has not described any incident, act, or omission giving rise to her claim that occurred outside Pickens County and nothing which took place in the Southern District of Alabama. The only connection to the Southern District of Alabama is Plaintiff's statement that she is living in Mobile, Alabama since her release. However, the plaintiff's residence is not relevant to an analysis under § 1391(b).

Pickens County, Alabama is located in the Northern District of Alabama and, therefore, the proper venue under 28 U.S.C. § 1391(b) for Turner's civil action is the Northern District of Alabama. When venue is not proper in the district of filing, a district court may transfer the action, in the interest of justice, to any other district or division where the action might have been brought. 28 U.S.C. § 1406(a); *see Kapordelis v. Danzig*, 387 F. App'x 905, 906-07 (11th Cir. 2010) (unpublished) (affirming the *sua sponte* transfer, pursuant to § 1406(a), of a *pro se* plaintiff's *Bivens* action from New York to Georgia), *cert. denied*, 562 U.S. 1250 (2011); *see also Terry v. Harris*, No. CV 19-00203-KD-B, 2019 WL 3024662, at *1 (S.D. Ala. June 14, 2019), *report and recommendation adopted*, No. CV 1:19-00203-KD-B, 2019 WL 3006541 (S.D. Ala. July

10, 2019) (transferring, *sua sponte*, *pro se* plaintiff's § 1983 action brought in improper venue).

Therefore, under 28 U.S.C. §§ 1404 and 1406, this case is due to be transferred to the Northern District of Alabama. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . . ").

## II. CONCLUSION

Accordingly, the undersigned Magistrate Judge **RECOMMENDS**, in the interest of justice, that Plaintiff's action be **TRANSFERRED** to the United States District Court for the Northern District of Alabama, pursuant to 28 U.S.C. §§ 1404 and 1406(a).

Additionally, the undersigned notes that transfer of this civil action includes Turner's motion for leave to proceed without prepayment of fees (or *in forma pauperis*) filed at the time she filed her complaint (Doc. 2), as the assessment and collection of any filing fees, should be undertaken by the United States District Court for the Northern District of Alabama.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. §

636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the **28th** day of **May**, **2025**.

                                      s/ P. Bradley Murray
                                    **UNITED STATES MAGISTRATE JUDGE**